1  Larry W. McFarland (Bar No. 129668)
   E-Mail: lmcfarland@kmwlaw.com
2  Dennis Wilson (Bar No. 155407)
   E-Mail: dwilson@kmwlaw.com
3  David K. Caplan (Bar No. 181174)
   E-Mail: dcaplan@kmwlaw.com
4  Christopher T. Varas (Bar No. 257080)
   E-Mail: cvaras@kmwlaw.com
5  KEATS McFARLAND & WILSON LLP
   9720 Wilshire Boulevard
6  Penthouse Suite
   Beverly Hills, California 90212
7  Telephone: (310) 248-3830
   Facsimile: (310) 860-0363
8
   Attorneys for Plaintiff
9  ZYNGA GAME NETWORK INC.

10

11

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16  ZYNGA GAME NETWORK INC.              **CASE NO. CV-09: 5300 JSW**

17                 Plaintiff,            **FINAL JUDGMENT UPON CONSENT**

18         v.

19  JOHN DOES 1-5 D/B/A FCHIPS.COM,

20                 Defendants.

21

22

23

24

25

26

27

28                                       CASE NO. CV-09: 5300 JSW
                                         FINAL JUDGMENT UPON
                                         CONSENT

EXHIBIT _A_

PAGE _2_

Plaintiff Zynga Game Network Inc. ("Zynga"), has charged defendants John Does 1-5 with Federal Trademark Infringement; Violation of the Computer Fraud and Abuse Act; State Statutory Unfair Competition; Violation of California Penal Code § 502; State Common Law Trademark Infringement and Unfair Competition; Breach of Contract; Intentional Interference with Contractual Relations; and Trespass to Chattels. The Court having found good cause therefor, and the parties having consented, it is **ORDERED, ADJUDGED AND DECREED** as between the Parties hereto that:

1. Defendant John Doe No. 1 is hereby identified as Murat Forsan. References in this Final Judgment Upon Consent to "Defendant" refer to Murat Forsan.

2. Defendants John Does 2-5 are hereby dismissed from this matter.

3. This Court has jurisdiction over the parties to this action, and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. §§ 1116, 1121 and 1125, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a). Service was properly made against Defendant.

4. Defendant is liable for each of the claims Zynga has asserted against him in this matter.

5. Defendant and his affiliates, agents, servants, employees, representatives, successors, assigns, and any person, corporation or other entity acting under Defendant's direction or control, or in active concert or participation with Defendant, are immediately and permanently enjoined throughout the world from:

    a. Infringing any of Zynga's intellectual property rights;

    b. Using any game published by Zynga for any purpose;

    c. Selling, purchasing, exchanging or transferring "chips" for use in the Zynga Poker game (the "Game"), and from profiting from, assisting with or participating directly or indirectly in any way in the purchase, sale, exchange or transfer of "chips" for use in the Game.

    d. Advertising the purchase, sale transfer or other exchange of "chips" for use in the Game, including without limitation participating in any way in the display of online "sponsored links" or any other form of pay-per-click or pay-per-impression advertising related to "chips" for use

1 in the Game or any other virtual item used in any Zynga game or application, including but not
2 limited to causing hyperlinks and other advertising materials to be displayed in response to searches
3 for "zynga", or searches for any of Zynga's games or applications.
4     6.    Defendant has damaged Zynga in the amount of Fifteen Thousand United States
5 Dollars ($15,000). Defendant is hereby ordered to pay to Zynga $15,000.
6     7.    Defendant is hereby ordered to pay Zynga's reasonable attorney's fees.
7     8.    The Parties have consented to, and this Court retains, jurisdiction over the Parties and
8 over this matter for the purpose of making any further orders necessary or proper for the construction
9 or modification of the Settlement Agreement between the parties, this Judgment, the enforcement
10 thereof, and the punishment of any violations thereof.
11     9.    This Judgment shall be deemed to have been served upon Defendant at the time of its
12 execution by the Court.
13 //
14 //   The Court will retain jurisdiction to enforce the settlement agreement for one hundred and eighty days. The parties may move to extend this period upon a showing of good cause.
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

-2-

CASE NO. CV-09: 5300 JSW
FINAL JUDGMENT UPON
CONSENT

EXHIBIT _A_
PAGE _4_

10. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of final judgment against Defendant.

Dated __April 6,_____, 2010

*Jeffrey S. White*
Honorable Jeffrey S. White
United States District Judge

Presented by:

LARRY W. McFARLAND
DENNIS L. WILSON
DAVID K. CAPLAN
CHRISTOPHER T. VARAS
KEATS McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
(310) 248-3830

_____
Christopher T. Varas
Attorneys for Plaintiff
Zynga Game Network Inc.

**CONSENTS**

The undersigned hereby consents to the entry of this Final Judgment Upon Consent.

Dated __29 March_____, 2010

_____
Murat Forsan

- 3 -

CASE NO. CV-09: 5300 JSW
FINAL JUDGMENT UPON
CONSENT

EXHIBIT __A__
PAGE __5__